IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JACKIE DOSHARON DONALD,

                Plaintiff,

v.

FIDUCIARY REAL ESTATE DEVELOPMENT,

                Defendant.

OPINION AND ORDER

18-cv-320-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this proposed civil action for monetary relief, pro se plaintiff Jackie Donald is alleging that her employer, defendant Fiduciary Real Estate Development, discriminated against her because of her age by writing her up for an incident with another employee. Because plaintiff is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, and cannot afford to make an initial partial payment, I must screen her complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B).

      Unfortunately, I cannot review the potential merits of plaintiff's claims at this time because her pleading does not provide enough information to support a federal claim, as required by Rule 8 of the Federal Rules of Civil Procedure. Although I am dismissing

1

plaintiff's complaint, I will give her an opportunity to file an amended complaint that explains her claim more clearly.

OPINION

Plaintiff alleges that she is fifty-two years old, and that sometime after she started working at an apartment building on August 1, 2016, Leah Koreck "wrote [her] up" because another employee was having a problem with her. Plaintiff alleges that Koreck did not follow the employee handbook because she issued the write up without first discussing the matter with plaintiff. She also alleges vaguely that she has been "mistreated" ever since.

Plaintiff's allegations implicate her rights under the Age Discrimination in Employment Act, which protects employees who are at least 40 years old by making it unlawful for an employer "to fail or refuse to hire or discharge any individual or otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To prove discrimination, a plaintiff must show that her employer subjected her to some form of adverse employment action and that the employer took this adverse action on account of plaintiff's age. Barton v. Zimmer, Inc., 662 F.3d 448, 453 (7th Cir. 2011). "Adverse employment actions for purposes of the federal anti-discrimination statutes generally fall into three categories: (1) termination or reduction in compensation, fringe benefits, or other financial terms of employment; (2) transfers or changes in job duties that cause an employee's skills to atrophy and reduce future career prospects; and (3) unbearable changes

in job conditions, such as a hostile work environment or conditions amounting to constructive discharge." Id. at 453-54. In addition, in order to pursue a claim under the Age Discrimination in Employment Act, a plaintiff must first file a charge of discrimination with the Equal Employment Opportunities Commission within 300 days of the alleged unlawful employment practice. Flannery v. Recording Industry Association of America, 354 F.3d 632, 637 (7th Cir. 2004).

Although plaintiff meets the age threshold of the Age Discrimination in Employment Act, her allegations are too vague to allow me to determine whether she can state a claim upon which relief may be granted under the statute. For example, she provides no information about when the incident with the other employee occurred, what happened, the circumstances under which she received the written reprimand, how she has been otherwise "mistreated" or why she believes she was disciplined and mistreated because of her age. Without more information, I cannot determine whether the write-up or "mistreatment" that plaintiff allegedly received qualifies as an "adverse action" for purposes of the Age Discrimination in Employment Act. Nagle v. Village of Calumet Park, 554 F.3d 1106, 1116-17 (7th Cir. 2009) ("[A]lthough the definition of an adverse employment action is generous, an employee must show some quantitative or qualitative change in the terms or conditions of his employment or some sort of real harm.").

Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 also requires that the complaint contain enough allegations of fact to make a claim for relief plausible on its face.

3

Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Because plaintiff's complaint does not comply with Rule 8, I must dismiss it without prejudice. Plaintiff is free to file an amended complaint that includes the allegations that are missing.

If plaintiff chooses to file an amended complaint, she should keep it short and to the point and draft it as if she were telling a story to people who know nothing about her situation. In particular, she should include all of the allegations in her original complaint and add new allegations that would allow someone reading the complaint to answer the following questions:

- When did the incident with the other employee occur and what happened?

- When did Koreck issue the write-up, what did it say and what consequences did plaintiff suffer as a result?

- Why does plaintiff believe that Koreck disciplined her because of her age and not for some other, nondiscriminatory reason?

- When and how has plaintiff been "mistreated" after receiving the write-up, who mistreated her and why does she believe it was because of her age and not for some other, nondiscriminatory reason?

- Did plaintiff file a charge of discrimination with the Equal Employment Opportunities Commission? If so, when did she file it, what did it say and what was the outcome?

If plaintiff's amended complaint satisfies Rule 8, I will consider the merits of her claims.

ORDER

IT IS ORDERED that plaintiff Jackie Donald's complaint is DISMISSED without prejudice for failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until June 21, 2018 to file an amended complaint that complies with Rule 8. If plaintiff does not file an amended complaint by June 21, 2018, the clerk of court is directed to close this case.

Entered this 1st day of June, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge